UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TIMOTHY JAMES SPARLING             CIVIL ACTION NO. 11-CV-2204

VERSUS

RANGER OFFSHORE, INC.              MAGISTRATE JUDGE HANNA

**Memorandum Ruling**
*(Rec. Doc. 34)*

Before the court is the defendant's Motion to Compel Independent Medical Examination under Rule 35, which motion is opposed by Plaintiff.  Oral argument was heard on July 23, 2013.  For the reasons recited in open court and discussed further below, the motion is granted.

***Pertinent History and Positions of the Parties:***

Timothy Sparling has alleged in this litigation that he sustained decompression injuries while working as a tender  aboard the M/V Savannah River in October, 2010.  By November, 2011, treating physicians Dr. Joseph Serio and Dr. David Weir had issued reports indicating that Sparling had reached maximum medical improvement.  In January, 2013, Sparling was diagnosed with Paroxysmal Positional Vertigo (atypical mixed canal variant) by a different physician, who connected the new diagnosis to the accident.  Recently a hyperbaric expert has opined that Sparling has permanent and irreversible damage

to his vestibular system, disqualifying him from diving.  Additional testing has also been recommended.  On these developments, Defendant has filed the instant motion to have the plaintiff independently evaluated by specialists in hyperbaric medicine, including an ear, nose, and throat physician, in order to evaluate and make determinations regarding the nature and cause of the plaintiff's current symptoms and the extent of his medical issues.  Specifically, Defendant seeks to have the plaintiff undergo a complete hyperbaric assessment and ENT evaluation by Dr. Richard Moon, asserted to have expertise in evaluating and treating hyperbaric injuries,  and Dr. David Kaylie, a specialist in otolaryngology, at the Duke Center for Hyperbaric Medicine and Environmental Physiology in Durham, North Carolina.

Sparling responds to the motion with two arguments: (1) that he has been seen, examined, and treated for the decompression illness made subject of this litigation by a team of physicians selected by Defendant Ranger from the date of the injury incident, including Drs. Weir and Serio, a neurologist and occupational medicine specialist with experience in treating diving-related conditions; and (2) that Ranger's request that Sparling travel from his home in Washington State to North Carolina for the requested evaluation is unreasonable.

## *Applicable Law and Discussion*

Rule 35 of the Federal Rules of Civil Procedure sets out the grounds and procedure for court-ordered physical and mental examinations.  Generally, the court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.  Such an order may be made "only on motion for good cause and on notice to all parties and the person to be examined," and it "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).  A court may order an independent medical examination when a party's medical condition is in controversy and good cause for the examination has been established. *Schlagenhauf v. Holder*, 379 U.S. 104, 117-18, *119,85 S.Ct. 234, 243, 13 L.Ed.2d 152(1964). See also *Grossie v. Florida Marine Transporters, Inc*., 2006 WL 2547047, *2 (W.D.La. August 31, 2006). "The decision as to whether or not to order an independent medical examination under F.R.C.P. 35(a) rests in the court's sound discretion." *Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890, *1 (E.D.La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed

-3-

liberally in favor of granting discovery." *Grossie* at \*2.

Both parties agree that Sparling has put his physical condition in controversy by filing this suit seeking damages.  However Plaintiff argues that Ranger has failed to satisfy the 'good cause' requirement set out in Rule 35.  He urges that the employer defendant has already had its choice of physician for evaluation and treatment of Sparling, since Dr. Serio started overseeing the treatment of the plaintiff even before he left the vessel after the incident, and Dr. Weir was introduced to the plaintiff by the insurance adjuster who took Sparling to Weir's office.  Further, Dr. Serio is well-known to have experience with diving accidents and injuries.  While these factual assertions are correct, it is also correct that neither Dr. Serio nor Dr. Weir are hyperbaric medicine specialists (Dr. Serio is an occupational medicine physician and Dr. Weir is a neurologist), and neither has evaluated the plaintiff for DCI or inner ear issues.  Further, the two physicians have been treating physicians of the plaintiff, although the treatment was paid for by the defendant employer.  Neither was asked to perform an independent medical examination of the plaintiff by Ranger.

Courts have found that where treatment is periodic in nature, such treatment is not properly classified as an IME. See, e.g., *Atkinson v. Warrior Energy Services Corp.*, No. 09–7769, 2010 WL 4067623, at \*1–\*2 (E.D.La. Oct. 15,

2010); *Mitchell v. Aramark*  2012 WL 5608376, 3 (E.D.La.) (E.D.La.,2012).  In

*McClanahan v. Transocean Offshore Inter. Ventures Ltd*, 2006 WL 2989243

(W.D.La. 2006), the district court considered the question whether a Jones Act

employer should be deprived of independent medical examinations on grounds

that they selected and/or paid for a seaman's treating physicians.  In that case, as in

this case, no authority was provided to support such deprivation, and the court

cited to *Schlagenhauf v. Holder*, 379 U.S. 104(1964) for the proposition that a

plaintiff who asserts mental or physical injury, provides the defendant with good

cause for an examination of such asserted injury.  The *McClanahan* court held that

Transocean was entitled to an IME in light of the conflicting impairment reports

issued by his physicians.  On the facts presented, the undersigned finds this to be a

similar case.

On the travel issues raised by Plaintiff, the movant represents that there are

no facilities in Louisiana which could conduct the appropriate evaluations in one

location, and the Duke facility can do that.  The record also demonstrates that

Plaintiff  has continued to travel to Louisiana from his residence in the state of

Washington for his medical treatment; he is not limited in travel by his condition,

and travel to North Carolina for the requested IME is not any more cumbersome

than travel to Louisiana.  Further, the court will order that all travel expense for

the IME, including the plaintiff's airfare, lodging and meals, shall be borne by the defendant.

Based on the foregoing, and for the reasons stated on the record at oral argument, the Motion to Compel Independent Medical Examination is GRANTED, and

IT IS ORDERED that Plaintiff shall submit to an independent medical examination to be conducted by Dr. Richard Moon and Dr. David Kaylie at the Duke Center for Hyperbaric Medicine and Environmental Physiology in Durham, North Carolina on a date and at a time agreed upon by the parties and the doctors.

IT IS FURTHER ORDERED that all costs for the independent medical examination, including the cost for Plaintiff's travel from his home to the examination facility, shall be borne by Defendant.  Flight and lodging shall be arranged and funded in advance, and meal expenses for Plaintiff's trip shall be reimbursed by Defendant.

Signed at Lafayette, Louisiana this 25th day of July,2013.

Patrick J. Hanna
United States Magistrate Judge